**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO ORINTIS TYRELL,<br>BOP Reg. No. 67033-054 ,<br><br>                               Plaintiff,<br><br>vs.<br><br><br>THE UNITED STATES, et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-01505-AJB-KSC<br><br>**ORDER:**<br><br>**1)  DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS, FOR APPOINTMENT OF COUNSEL, AND FOR LEAVE TO FILE AN EXTENSIVE BRIEF PURSUANT TO 28 U.S.C. § 1915(a) AND 28 U.S.C. § 1915(e)(1)**<br><br>**[ECF Nos. 2, 3, 9, 11, 13]**<br><br>**AND**<br><br>**2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff Ricardo Orintis Tyrell, while detained at the Metropolitan Correctional Center in San Diego, California[1], and with the assistance of his "next friend" Monroe

---

[1] Plaintiff remained at MCC at the time he filed his Complaint but pleaded guilty to one count of attempted reentry of a removed alien in violation of 8 U.S.C. § 1326, was

Jones, initiated this civil action by filing a Complaint that invokes federal jurisdiction pursuant to both *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. *See* Compl., ECF No. 1; ECF No. 5. Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) when he tendered his Complaint to the Clerk, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 3. He has also filed a Motion seeking leave to file an "extensive brief" in support of his claims, two supplemental Motions to Proceed IFP, and a Motion for Appointment of Counsel. *See* ECF Nos. 2, 9, 11, 13.

**I.     Notice re Next Friend**

As a preliminary matter the Court notes that Plaintiff has filed a document in which he asks the Court to serve copies of all pleadings and "other legal documents" upon another inmate, his "next friend" Monroe Jones, BOP Reg. No. 93230-298. Jones was also detained at MCC at the time Plaintiff filed this action, and Jones "drafted," "completed" and signed all the documents submitted on Plaintiff's behalf. *See* ECF No. 5 at 1; ECF No. 1 at 19; ECF No. 3 at 2; ECF No. 6 at 6; ECF No. 7 at 6; ECF No. 9 at 3.

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at

---

sentenced to a prison term of 12 months, including a 3-year term of supervised release, and was committed to the custody of the Bureau of Prisons ("BOP") on May 27, 2020. *See United States v. Tyrell,* Case No. 3:19-cr-04817-BAS-1 (ECF Nos. 19, 21, 29, 30). According to the BOP's Inmate Locator, Plaintiff was at some subsequent point transferred from MCC to FCI Mendota. *See* https://www.bop.gov/inmateloc/ (BOP Register No. 67033-054) (last visited Nov. 20, 2020); *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of BOP's online Inmate Locator to determine date defendant was released from custody).

163. Instead, in order to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Next friend standing has not been established here because there is no evidence in any of Plaintiff's submissions that he "cannot appear on his own behalf" due to any mental incompetence or disability, and it is far from clear that Jones, an incarcerated prisoner no longer entitled to proceed IFP on his own behalf due to his vexatious litigation history, "is truly dedicated" to Plaintiff's best interests.[2] *Whitmore*, 495 U.S. at 163; *see e.g., Jones v. Spaeth*, No. 1:07-CV-677-BLW, 2010 WL 1268065, at *2 (E.D. Cal. Mar. 31, 2010) (revoking Monroe Jones's IFP status); *Jones v. Wood, et al.*, No. 3:99-cv-02277-BTM (LSP) (S.D. Cal. Dec. 15, 1999) (Order denying Monroe Jones's Motion to IFP and dismissing case without prejudice pursuant to 28 U.S.C. § 1915(g)) (Doc. No. 2-1). Therefore, to the extent Plaintiff seeks to designate and authorize Monroe Jones as his next friend to prosecute and pursue this litigation on his behalf, that request is DENIED.

## II.   Motion to Proceed IFP

Parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[3] *See*

---

[2] What's more, Plaintiff admits Jones and he have since been "transferred to different prisons." *See* ECF No. 5 at 1.

[3] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Oct. 1, 2019)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

28 U.S.C. § 1914(a). The action may proceed despite failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners[4] granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 86 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, section 1915(a)(2) also clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–87.

---

[4] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Here, while Plaintiff has filed a Motion to Proceed IFP, as well as several supplemental Motions in support of his initial Motion, *see* ECF Nos. 3, 9, 11, *all* fail to comply with 28 U.S.C. § 1915(a)(2) because none include a certified copy of his trust fund account statements, or an "institutional equivalent" issued by MCC or BOP officials attesting to his trust account activity and balances for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2); S. D. Cal. CivLR 3.2.b. Without this accounting, the Court remains unable to fulfill its statutory duty to assess the appropriate amount of initial filing fee which may be required for Plaintiff to prosecute his case. *See* 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff's Motion and Supplemental Motions to Proceed IFP must be DENIED.

### III. Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. *See* ECF No. 13. There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances," *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), and necessarily depends upon Plaintiff's IFP status. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Because Plaintiff points to no exceptional circumstances warranting the appointment of counsel in this case, and he has yet to demonstrate he is "unable to afford counsel" pursuant to 28 U.S.C. § 1915(a) and § 1915(e)(1), his Motion for Appointment of Counsel (ECF No. 13) must also be DENIED.

/ / /

/ / /

/ / /

**IV.    Conclusion and Order**

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP, Motion to Appoint Counsel, and Motion for leave to file an extensive brief (ECF Nos. 2, 3, 9, 11, 13) and **DISMISSES** this civil action without prejudice for failure to satisfy 28 U.S.C. § 1914(a)'s filing fee requirements.[5]

2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by:  a) prepaying the entire $400 civil filing and administrative fee in full; *or* b) completing and filing a renewed Motion to Proceed IFP which complies with 28

---

[5] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported and renewed Motion to Proceed IFP on his own behalf, his Complaint will be reviewed before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $400 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity."). Plaintiff is further cautioned that because he is proceeding pro se, no other person, including Monroe Jones, who is not a party and has been denied a next friend designation in this case, may file any future documents on his behalf. Although "parties may plead and conduct their own cases personally," *see* 28 U.S.C. § 1654, "the right to proceed pro se in civil cases is a personal right" and a person appearing pro se has no authority to represent others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (citations and quotation marks omitted); *see also* S.D. Cal CivLR 5.1(h) ("Except as provided by the federal rules, or by leave of court, no document will be filed in any case by any person not a party thereto."); S.D. Cal. CivLR 83.11(a) ("Any person who is appearing propria persona, (without an attorney) (i.e. pro se) must appear personally for such purpose and may not delegate that duty to any other person.").

U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

      3)    **ORDERS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed and renewed Motion to Proceed IFP, *including a completed prison certificate issued by an authorized BOP trust accounting officer or a certified copy of his inmate trust fund account statements for the 6-month period immediately preceding the filing of this action* within 45 days, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) and without further Order of the Court.

**IT IS SO ORDERED.**

Dated:  November 23, 2020

                                                        */s/ Battaglia*
                                                       Hon. Anthony J. Battaglia
                                                       United States District Judge