UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ORINTIS TYRELL, BOP #67033-054,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES, et al.,<br><br>Defendants. | Case No.: 3:20-cv-01505-AJB-KSC<br><br>**ORDER DENYING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[ECF No. 16] |

Plaintiff Ricardo Orintis Tyrell, while detained at the Metropolitan Correctional Center ("MCC") in San Diego, California[1], and with the assistance of his "next friend" Monroe Jones, initiated this civil action by filing a Complaint that invokes federal

---

[1] Plaintiff remained at MCC at the time he filed his Complaint, but pleaded guilty to one count of attempted reentry of a removed alien in violation of 8 U.S.C. § 1326, was sentenced to a prison term of 12 months, including a 3-year term of supervised release, and was committed to the custody of the Bureau of Prisons ("BOP") on May 27, 2020. *See United States v. Tyrell,* Case No. 3:19-cr-04817-BAS-1 (ECF Nos. 19, 21, 29, 30). According to the BOP's Inmate Locator, Plaintiff was at some subsequent point transferred from MCC to FCI Mendota. *See* https://www.bop.gov/inmateloc/ (BOP Register No. 67033-054) (last visited June 4, 2021); *United States v. Basher,* 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of BOP's online Inmate Locator to determine date defendant was released from custody).

jurisdiction pursuant to both *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. *See* Compl., ECF No. 1; ECF No. 5. Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) when he tendered his Complaint to the Clerk, but instead filed several Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), a Motion for Appointment of Counsel, and a Notice seeking to designate Jones with the authority to pursue this litigation on his behalf. *See* ECF Nos. 3, 5, 11, 13.

On November 23, 2020, the Court denied Plaintiff's motions to appoint counsel, to designate Jones as his next friend, and to proceed IFP because he failed to include the prison trust account certifications required by 28 U.S.C. § 1915(a)(2). *See* ECF No. 15. Plaintiff was granted leave to re-submit a new request for leave to proceed IFP however, in order to correct this deficiency. *Id.* at 7. In that same Order, the Court cautioned that should Plaintiff elect to successfully file the renewed IFP Motion provided to him by the Clerk of the Court, he would remain obligated to pay the full civil filing fee in installments, and face potential immediate *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 15 at 6 n.5. Plaintiff has since filed a renewed Motion to Proceed to Proceed IFP, *see* ECF No. 16, but it again fails to include the trust account certifications required by 28 U.S.C. § 1915(a).

I. **Renewed Motion to Proceed IFP**

As Plaintiff now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), the Court

---

[2] For civil cases like this one, filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.* This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And while "a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)), "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D. R.I. 1984); *see also Frost v. Child and Family Services of San Bernardino Cnty & San Bernardino Juvenile Court*, No. 3:20-CV-2402-JLS-BLM, 2021 WL 1195834, at *1 (S.D. Cal. Mar. 30, 2021).

Before the enactment of the Prison Litigation Reform Act ("PLRA") in 1996, "indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. While his civil action or appeal may proceed upon submission of an affidavit that demonstrates an "unab[ility] to pay such fees or give security therefor," 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999), a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce* 577 U.S.

at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847.

Thus, section 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2. It must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

In response to the Court's previous Order, Plaintiff has now filed the form "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis" which the Clerk of Court provided to him. *See* ECF No. 16. But the form is missing two pages, and critically, the "Prison Certificate" section which must be completed and signed by an authorized officer of the institution where he is incarcerated, and attest as to Plaintiff's prior 6-month average monthly trust account balance and deposits. *See id.* at 1-2; *cf.* https://www.casd.uscourts.gov /_ assets/ pdf/ forms/ Motion%20 to% 20Proceed %20In%20Forma%20Pauperis.pdf (last visited June 4, 2021). In place of the prison certificate provided to him for completion, and in lieu of a financial statement or report documenting his trust fund deposits and balances for the 6-month period required by 28 U.S.C. § 1915(a), Plaintiff instead attaches a document entitled "Truweb Inmate Inquiry" dated December 23, 2020. This document appears to have been issued by prison officials at FCI-Mendota, the institution where he is currently incarcerated, and it indicates

Plaintiff's available balance as of December 23, 2020. *See* ECF No. 16 at 4. But it is nevertheless incomplete because it does *not* include any report of Plaintiff's average monthly deposits or trust account balances for the 6-month period preceding the filing of this action. *See* ECF No. 16 at 4.

As the Court noted in its November 23, 2020 Order, in order to show he is eligible to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the … 6-month period immediately preceding the filing of [his] complaint, … from the appropriate official of each prison at which [he] was confined." *See* ECF No. 15 at 4; 28 U.S.C. § 1915(a)(2) (emphasis added); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119; *see also Castillo v. Doe*, No. CV2100527PHXJATESW, 2021 WL 1338314, at *1 (D. Ariz. Apr. 9, 2021) (denying prisoner's Motion to Proceed IFP for failing to comply with 28 U.S.C. § 1915(a)(2) where he "used the court-approved form" but failed to complete the "Certificate of Correctional Official as to Status of Applicant's Trust Account" portion and did not "submit[] a certified six-month trust account statement.").

Without this certified documentation, the Court remains unable to fulfill its statutory duty to assess the appropriate amount of a filing fee which my be required for Plaintiff to prosecute this civil action. Therefore, his renewed Motion to Proceed IFP (ECF No. 16) must also be **DENIED**.

## II. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Renewed Motion to Proceed IFP (ECF No. 16) and once again **DISMISSES** this civil action without prejudice based on his failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a);

2) **GRANTS** Plaintiff thirty (30) additional days from the date of this Order in which to re-open his case by either: (a) paying the entire $400 statutory and administrative filing fee, **or** (b) filing a second renewed Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his*

*Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and

3) **DIRECTS** the Clerk of the Court to provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. If Plaintiff neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his 6-month trust account records within 30 days*, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.[3]

**IT IS SO ORDERED**.

Dated: June 7, 2021

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Plaintiff is once again cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a second renewed and properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the fee in full or is obligated to pay the fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").